1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

***

7    JASON MATHIS,

                    Plaintiffs,                    2:20-cv-02171-CDS-VCF

8

9    vs.                                           **<u>ORDER</u>**

10   KELLY B. QUINN, et al.,                       PLAINTIFFS' MOTION FOR LEAVE TO
                                                   AMEND COMPLAINT [ECF NO. 49]
                    Defendants.

11

12

13         Plaintiff Jason Mathis filed a motion for leave to amend the complaint. ECF No. 49. I grant the

14   motion to amend. Plaintiffs have seven days to file their amended complaint.

15         **I.       Background**

16         This is a prisoner civil rights case. Plaintiff alleges that he lost his left eye due to the actions of

17   prison officials. ECF No. 8. The Court screened Mathis' civil rights complaint pursuant to 28 U.S.C. §

18   1915A on June 25, 2021, and found that Mathis's complaint stated colorable Eighth Amendment claims

19   against defendants. As part of the screening order, the Court imposed a stay. *Id.* On January 27, 2022,

20   the Court entered the first discovery plan and scheduling order. ECF No. 24. The deadline to amend

21   pleadings and add parties passed on March 15, 2022. *Id.*

22         Plaintiff alleges in his motion to amend that he recently learned new facts in discovery. ECF No.

23   49. Plaintiff states that, for example, he only recently learned the names of correctional officers that

24   were involved and new facts about the prison's failure to investigate the incident. *Id.* Plaintiff seeks to

25   replace four doe defendants and add two new claims: a claim for negligence and a claim for alleged

1

violation of the Constitution of the State of Nevada for failure to protect Mathis. *Id.* Plaintiff argues that although the amended complaint deadline has passed, discovery has been slow in this case because it started after a long stay, and it is difficult for plaintiff to communicate with his counsel in this case from prison. *Id.*

The defendants argue in its response that plaintiffs' motion for leave to amend should be denied because it is futile and untimely since the amendment deadline has passed. ECF No. 50. The plaintiff argues in his reply that he diligently sought leave to amend after he learned the names of the individuals involved and the new facts. ECF No. 53.

## II.    Discussion

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has found that a court may deny as untimely a motion filed after the scheduling order cut-off date where no request to modify the order has been made. *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff*, 768 F.2d 1099, 1104 (9th Cir. 1985). The standard for good cause under Rule 16(b) requires the court to evaluate the movant's diligence in attempting to meet the order's requirement and seeking to amend. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 607 (9th Cir. 1992). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

"Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp*., 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed

through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc*., 2015 U.S. Dist. LEXIS 141867, 2015 WL 6123202, at 2 (D. Nev. Oct. 16, 2015); citing to *In re Dynamic Random Access Memory (DRAM) Antitrust Litig*., 536 F. Supp. 2d 1129, 1135-36 (N.D. Cal. 2008).

I find that there was no bad faith here: plaintiff is in prison, which creates difficult obstacles for plaintiff regarding communicating with his counsel and moving discovery along. The good faith factor weighs in plaintiff's favor. Plaintiff also diligently sought leave to amend after learning new facts during discovery. The defendants will be slightly prejudiced here since they may need to take some new discovery. Defendants' counsel may also have to now represent some new defendants. Since the new claims are similar, and the facts of the case remain the same, this prejudice is minimized in this case, under this set of facts. Since futility would be better addressed through a motion to dismiss or motion for summary judgment, and a finding of futility is rare, I do not reach the issue of futility. The plaintiff has not previously amended, so this factor weighs in plaintiff's favor.

Accordingly,

I ORDER that plaintiff's motion for leave to amend its complaint (ECF No. 49) is GRANTED.

I FURTHER ORDER that plaintiff has until Wednesday, October 18, 2023 to file his amended complaint.

IT IS SO ORDERED.

DATED this 11th day of October 2023.

CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE